UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

CURTIS E. GALLION,

        Petitioner,

        v.         Case No. 07-C-0798

ANA BOATWRIGHT,

        Respondent.

ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RESPONDENT TO FILE A RESPONSE

On September 5, 2007, Curtis E. Gallion filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. According to the petition, Gallion was convicted in Milwaukee County Circuit Court and was sentenced to twenty-one imprisonment and nine years supervised release. Currently he is incarcerated at the New Lisbon Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Generally, during the initial review of habeas petitions, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Gallion presents three grounds for relief: (1) his constitutional rights were violated when the Wisconsin Supreme Court "implemented additional requirements upon the circuit court in order to render a valid sentence. However, the Supreme Court did not apply its rationale to Petitioner Gallion's current sentence"; (2) that his guilty plea was "constitutionally impermissible because the prosecutor offered an illusory bargain by bringing excessive charges"; and (3) ineffective assistance of counsel for (a) failure of counsel to adequately explain the consequences of his plea agreement, (b) failure of counsel to object to the "illusory bargain," (c) failure of counsel to move to suppress the complaint, and (d) failure of counsel to introduce positive factors at sentencing. (Pet. Att.)

As to Gallion's first claim, it is not apparent from the face of the petition that he is not entitled to relief. Gallion appears to contend that in light of the Wisconsin Supreme Court's decision in *State v. Gallion*, 2004 WI 42, 270 Wis.2d 535, 678 N.W.2d 197, his sentence was imposed in violation of the Federal Constitution— presumably in violation of due process and/or equal protection rights. Hence, this due process claim will be permitted to go forward. Gallion's third claim, ineffective assistance of counsel, is a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). This claim is sufficient on its face and, therefore, may proceed.

However, Gallion's second claim will be dismissed. This claim does not specify a constitutional violation, and in any event, as Gallion appears to recognize in his Memorandum in Support of Petition, which addresses the first and third grounds for relief presented in the petition, the illusory plea bargain claim is intertwined with the

2

ineffective assistance claim. In essence, Gallion is arguing that his counsel was ineffective for failing to object to the "illusory bargain" presented by the prosecution.

Regarding exhaustion, an application for a writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. In this case, Gallion claims that he has exhausted his due process claim and ineffective assistance of counsel claim at the state level.

The Antiterrorism and Effective Death Penalty Act (AEDPA) states that the statutory time limit on petitions for writs of habeas corpus is one year. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

Id. However, the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Gallion's time to bring a habeas corpus petition began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the pending petition, the Wisconsin Supreme Court issued its opinion on Gallion's direct appeal on April 15, 2004. His time to pursue habeas relief did not begin running until the expiration of the ninety (90) days that he had to petition the United States Supreme Court for a writ of certiorari. *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002). Hence, July 14, 2004, marked the conclusion of Gallion's direct review of his judgment of conviction and the start of AEDPA's one-year statute of limitations, which then expired on July 14, 2005. Regardless, on July 21, 2006, apparently, Gallion filed a state post-conviction relief motion in state court.

In his Memorandum in Support of Petition, Gallion claims that he placed a federal habeas petition and motion to proceed in forma pauperis with a prison guard on June 16, 2005. However, this court has not received any such habeas filing. In any event, the statute of limitations for bringing a petition for a writ of habeas corpus is an affirmative defense normally raised by the respondent; therefore, the court will ask the respondent to respond to Gallion's argument regarding the timeliness of this petition.

4

Therefore,

IT IS ORDERED that within sixty days of the date of this order, respondent shall file an answer or other wise respond to the petition and memorandum in support of the petition, complying with Rule 5 of the Rules Governing § 2254 Cases.

IT IS FURTHER ORDERED that within thirty days of the filing of respondent's response to the petition, Gallion may file a reply brief, if any.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Wisconsin Department of Justice, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.

_____
C. N. CLEVERT, JR.
U. S. District Judge