# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

CURTIS E. GALLION,

    Petitioner,

    v.                                               Case No. 07-C-0798

ANA BOATWRIGHT,

    Respondent.

## **DECISION AND ORDER**

    On September 5, 2007, petitioner Curtis Gallion filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of one count of homicide by use of a motor vehicle with a prohibited blood alcohol content. He was sentenced to a thirty year prison term on June 29, 2000.

    The petitioner challenges the judgment of his conviction on the following grounds: (1) as his decision was not yet final, the Wisconsin Supreme Court incorrectly chose not to retroactively apply new sentencing obligations when they affirmed his conviction on April 15, 2004; and (2) his trial counsel provided ineffective assistance.

    The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

The United States District Court Judge Charles N. Clevert, Jr. conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed February 25, 2008, Judge Clevert determined that in response to these two assertions, "it is not apparent from the face of the petition that he is not entitled to relief." Thus, the court ordered the respondent, Warden Ana Boatwright of the New Lisbon Correctional Institution, to file an answer or other response to the petition for a writ of habeas corpus. On April 24, 2008, the respondent filed a motion for summary judgment, asserting that the writ of habeas corpus was not timely filed. Subsequently, on May 1, 2008, the petitioner filed a response to the respondent's motion. The motion is ready for resolution and will be addressed herein.

## APPLICABLE LAW

### Motion For Summary Judgement

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." Id. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986).

However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c)], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

An affidavit submitted to support or oppose a summary judgment motion must be based on personal knowledge, must set forth facts that would be admissible at time of trial and must establish the affiant's competence to testify. Fed. R. Civ. P. 56(e). Affidavits based on "information and belief" -- facts that the affiant believes are true, but which the affiant does not know are true -- are not proper. Toro Co. v. Krouse, Kern & Co., 827 F.2d 155, 162-63 (7th Cir. 1987).

- 3 -

## **RELEVANT FACTUAL BACKGROUND**

On May 3, 2000, after entering a plea of guilty, the petitioner was convicted of one count of homicide by use of a motor vehicle with a prohibited blood alcohol content. (Affidavit of Curtis Gallion [Petitioner's Affidavit] ¶ 1). On June 29, 2000, Milwaukee County Circuit Court Judge John J. DiMotto sentenced the petitioner to a thirty-year term of imprisonment. (Respondent's Brief in Support of Motion for Summary Judgment [Respondent's Brief], Exh. A)

On December 4, 2000, the petitioner filed a Wis. Stat. § 809.30 postconviction motion seeking a modified sentence. (Respondent's Brief at 2). The petitioner maintained that the sentence was excessive because the court erroneously exercised its discretion by placing too much emphasis on the character of the victim and because the court imposed an arbitrary length of imprisonment. The petitioner's postconviction motion was subsequently denied by Judge DiMotto. The petitioner's conviction was affirmed by the Wisconsin Court of Appeals in a published decision issued on October 10, 2002. (Respondent's Brief, Exh. B). The Wisconsin Supreme Court granted the petitioner's request for review and affirmed the Court of Appeals' decision on April 15, 2004. (Respondent's Brief, Exh. C). The petitioner did not petition for a writ of certiorari with the United States Supreme Court.

On July 21, 2006, the petitioner filed a Wis. Stat. § 974.06 postconviction motion with the Milwaukee County Circuit Court. The court denied his motion on July 25, 2006. The petitioner appealed the denial of this postconviction motion to the Wisconsin Court of Appeals, alleging that the trial court erroneously exercised its sentencing discretion by putting too much weight on the community protection factor and that his counsel provided ineffective assistance. With respect to his ineffective assistance of counsel claim, the petitioner contends that his counsel

- 4 -

did not properly advise him that one of the charges would be dismissed by operation of law, failed to move to dismiss the complaint as defective and failed to present positive factors during the sentencing hearing. See Respondent's Brief, Exh. D. The Wisconsin Court of Appeals affirmed the order denying the petitioner's postconviction motion on May 30, 2007. (Respondent's Brief, Exh. D). Review of this decision by the Wisconsin Supreme Court was denied on September 14, 2007. (Respondent's Brief, Exh. E).

The petitioner filed a petition for a writ of habeas corpus on September 5, 2007. In an affidavit included with his memorandum in support of his petition, the petitioner avers that he had "placed one original and two copies of habeas petition and in forma pauperis with pre-paid postage affixed in the hands of Stanley Correctional Institution's prison guard" on June 16, 2005. (Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus [Petitioner's Brief], Affidavit of Curtis Gallion [Petitioner's Aff. I], ¶ 1); see also, Petitioner's Affidavit filed May 1, 2008 [Petitioner's Aff. II], ¶ 5. However, there is no record of the petitioner's June 16, 2005, habeas corpus petition having been either received or filed with the district court.

## **ANALYSIS**

### **Determining the Statutory One-Year for Filing Habeas Corpus Petition**

In filing her motion for summary judgment, the respondent asserts that the petitioner's habeas corpus petition was filed after the expiration of the statutory one-year period of limitations. Furthermore, the respondent maintains that neither the doctrine of equitable tolling nor equitable estoppel are applicable to the petitioner's case. Therefore, the respondent asserts that this case should be dismissed.

- 5 -

In response, the petitioner asserts that his petition was timely, as it was filed in accordance with the "prisoner mailbox rule" within the statutory one-year period of limitations. (Petitioner's Brief in Opposition of Defendant's Motion For Summary Judgment [Petitioner's Response Brief] at 2). In the alternative, the petitioner asserts that the statutory one-year period of limitations should be equitably tolled and his filing deemed timely. (Petitioner's Response Brief at 2).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for an application for a writ of habeas corpus. In an ordinary case, the one-year statute of limitations runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

In addition, the time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review is not included because a decision does not become final until the period for petitioning for certiorari has elapsed. Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006); Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002). Moreover, "the state court's willingness to entertain a belated collateral attack on the merits does not affect

- 6 -

Case 2:07-cv-00798-PJG    Filed 07/18/08    Page 6 of 10    Document 19

the timeliness of the federal proceeding." Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

In this case, the petitioner's direct criminal appeal in the state system was concluded as of the Wisconsin Supreme Court decision on April 15, 2004. Since the petitioner chose not to file a petition for a writ of certiorari, his conviction became final on July 14, 2004, ninety days after the conclusion of his direct criminal appeal to the Wisconsin Supreme Court. The petitioner's subsequent collateral attack on his conviction, pursuant to Wis. Stat. § 974.06, was filed after this date and, therefore, did not toll the one-year period of limitation. See Escamilla, 426 F.3d at 870. Thus, the petitioner had until July 14, 2005, to timely file his petition for a writ of habeas corpus.

## Timeliness of Petition for Habeas Corpus

In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court established the "prisoner mailbox rule" when it held a pro se litigant's notice of appeal that had been mailed from prison within the thirty-day statutory period of limitation, but was not received by the court until after the deadline had expired, was timely filed pursuant to Fed. R. App. P. 4(a)(1). The Court reasoned that "making filing turn on the date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." Id. at 275. Of particular emphasis in the Court's decision was the fact that "pro se prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." Id. at 273-74. The Court's decision was subsequently codified in Fed. R. App. P. 4(c).

In Jones v. Bertrand, 171 F.3d 499, 501 (7th Cir. 1999), the court of appeals for this circuit extended the Houston mailbox rule to pro se habeas corpus petitions. Although, Jones held that a pro se habeas corpus petition is deemed filed when it is deposited for mailing with a prison official, the decision did not specify additional requirements necessary for the proper application of the "prisoner mailbox rule". See Id. at 501.

However, particular requirements are identified in the "prisoner mailbox rule" found in Fed. R. App. P. 4(c)(1), a subsection entitled "Appeal by an Inmate Confined in an Institution." This rule specifies that "[t]he notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." Furthermore, Fed. R. App. P. 4(c)(1) states that the acceptable evidentiary means of demonstrating timely filing is either "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

In this case, the petitioner was incarcerated at Stanley Correctional Institution (SCI) from March 2003 to September 2005. (Petitioner's Aff. II, ¶ 4). According to the petitioner, during this time, SCI did not possess a separate legal mailing system. Therefore, the petitioner must demonstrate that his alleged June 16, 2005, mailing of his petition for a writ of habeas corpus sent via SCI's general internal mail system meets the requirements of Fed. R. App. P. 4(c)(1).

Unlike the belated habeas corpus petition in Jones, there is no record of the petitioner's June 16, 2005, habeas corpus petition having been either received or filed with the district court. However, the petitioner filed an affidavit with his September 19, 2007, brief in support of his petition in which he states: "On June 16, 2005, I placed one original and two copies of habeas petition and in forma pauperis with pre-paid postage affixed in the hands of Stanley Correctional

Institution's prison guard." (Petitioner's Aff.,¶ 1, attached to Petitioner's Brief). In addition to this affidavit, the petitioner has presented a signed disbursement request form from SCI. (Disbursement Request attached to Petitioner's Brief). This disbursement request dated June 16, 2005, corroborates the petitioner's sworn statement and includes the signature of both the petitioner and a SCI staff member who "approved the" disbursement for the petitioner's habeas corpus petition. Id.

The petitioner has presented a notarized statement which sets forth the date he presented his petition to prison officials for mailing and states that the necessary first-class postage had been prepaid. While presenting the disbursement request form from SCI is not required under Fed. R. App. P. 4(c)(1), it offers additional support for the statements in the petitioner's affidavits. The respondent has not presented evidence calling into question the petitioner's statements. Accordingly, based on the available evidence, the petitioner has met the requirements of the "prisoner mailbox rule".

Therefore, in accordance with Jones, 171 F.3d at 501, the petitioner's petition for a writ of habeas corpus is deemed properly filed as of the date it was deposited in the SCI mail system, June 16, 2005. Since this date falls within the statutory one-year period of limitation, which expired on July 14, 2005, the petitioner's petition for a writ of habeas corpus is considered timely filed. Therefore, the court need not address either the application of equitable tolling of the statutory one-year period of limitations or equitable estoppel.

In sum. based on the current evidence before the court, the respondent has not presented evidence to counter the petitioner's sworn statement that he presented his petition for a writ of habeas corpus to prison officials on June 16, 2005. Thus, the respondent has not

- 9 -

demonstrated that the petitioner's petition for a writ of habeas corpus was untimely filed. Accordingly, the respondent's motion for summary judgment will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion for summary judgment be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the respondent shall file an answer to the petition for a writ of habeas corpus no later than August 20, 2008.

Dated at Milwaukee, Wisconsin this 18th day of July, 2008.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge